BEATTY, Justice.
Appeal from an order denying the contest of a will. We affirm.
The will contest was filed by the natural children of the decedent, James Newton Norris, on the grounds of fraud, unsoundness of mind, and undue influence. Following a hearing, the trial court entered an order against the contestants on the grounds of fraud and unsoundness of mind, and then held in favor of the proponent, the widow, on the ground that the contestants had not met their burden of proof (on the undue influence issue). On appeal the contestants urge the contrary, that they did prove a prima facie case of undue influence, thus shifting the burden of persuasion to the proponent who, contestants insist, failed to overcome contestants’ evidence by adducing evidence establishing an absence of undue influence.
On the issue of undue influence, the authorities are collected in Pruitt v. Pruitt, Ala., 343 So.2d 495, 499 (1977). These establish the elements of proof required to raise a presumption of undue influence:
(a) The existence of a dominant, confidential relationship between a favored beneficiary and the testator; and
(b) active interference or undue activity by the beneficiary in procuring the execution of the will.
The record supports the conclusion that the contestants made out a prima facie case of undue influence. The evidence for the contestants, which does not require detailing, tended to establish that the proponent, the decedent’s fourth wife and to whom he had been married for two years prior to his death, was a favored beneficiary over his natural children, and that she acted in a domineering manner over him, on more than one occasion threatening to leave the decedent if his will were not changed (in her favor). To some of the contestants’ witnesses the decedent did not appear as strong-willed after his marriage as he had been before. The contestants, decedent’s children, testified to the negative change in their father’s attitude toward them after his marriage to the proponent. There is some evidence furnishing a reasonable inference that the decedent had changed his will from one dividing his property between his children and his wife to one leaving all of his property to his wife because he had “lived in hell [brought about by the proponent] about this will business . . . and I hope to God I’ll have some peace until I die.” This evidence altogether establishes to a degree that the decedent’s free agency was destroyed by his wife and thus prevented the exercise of the discretion essential to testamentary disposition. Locke v. Sparks, 263 Ala. 137, 140, 81 So.2d 670, 673 (1955).
*611 The evidence offered for the proponent tended to establish that the decedent was a strong-willed person who loved the proponent and had announced to friends that he was going to change his will and leave his wife everything he had. Contrary to some of the contestants’ evidence that the decedent was unhappy following this marriage, the proponent’s evidence was that he was happier than he had ever been. One witness testified that the decedent brought his last will, favoring proponent, to him after it was made. Others testified to the good treatment of the decedent by the proponent. The proponent herself denied quar-relling with the decedent over his previous will and denied any threat to leave him. She disclaimed any knowledge of the will in issue until the day it was executed, testifying that she did not accompany him and did not know where he went to have it executed. According to her, the decedent told her, in response to her inquiry as to why he had left his children out, “It was the way I want it.”
The trial court heard the evidence of the contestants and the proponent ore terms under the claim of undue influence, thereafter entering an order upholding the validity of the will because “the contestants have not met their burden of proof.” We believe it. is apparent that the trial court’s language in that order was meant to express that the presumption of undue influence was overcome by the proponent’s evidence, i.e. that the weight of the evidence did not support a finding of undue influence. Cf. Barksdale v. Pendergrass, 294 Ala. 526, 319 So.2d 267 (1975). This conclusion is established by the same process through which the trial court arrived at its determination. The record shows that at the close of the contestants’ evidence, the trial judge granted an order against the contestants on the issue of undue influence and fraud, and announced to the proponent, “I’ll grant your directed verdict as to those aspects of the contest based on unsound mind. I will take your motion under consideration for the remainder of the evidence." The court then proceeded to hear testimony from the proponent’s witnesses. Thereafter, the trial court entered an order:
“This case is submitted on the testimony of the parties and witnesses, exhibits admitted into evidence and law submitted by counsel for the parties.”
The court then recited:
“Upon consideration of all the evidence herein and those cases submitted by counsel for the parties, the court is of the opinion and finds that the contestants have not met their burden of proof and the court finds the issues in favor of the proponent...." (Emphasis added.)
Thus, it is clear that, following an eviden-tiary hearing, the trial court viewed the evidence as upholding the validity of the will against the charge of undue influence. The trial court’s conclusion on evidence ore tenus is given the same weight as a jury verdict and unless palpably wrong it will not be disturbed. Cauley v. Sanders, Ala., 388 So.2d 891 (1980). Under the facts adduced below, we cannot find error to reverse.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.